## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PREGNANCY SUPPORT CENTER INC., | : | |
| *Plaintiff*, | : | Case No. 3:21-cv-01346-VAB |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TONG, in his official Capacity as Attorney General of the State of Connecticut, | : : : | |
| *Defendant* | : | December 7, 2021 |

## <u>DEFENDANT ATTORNEY GENERAL WILLIAM TONG'S ANSWER AND DEFENSES</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Connecticut Attorney General William Tong ("Defendant"), hereby submits his Answer to Plaintiff's Complaint.

1.    This challenge seeks to protect the right of a pro-life, faith-based pregnancy care center to exercise its religious beliefs and to speak about those beliefs so it can help women with concerns about pregnancy and motherhood.

> **<u>ANSWER:</u>** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

2.    Pregnancy Support Center Inc., operating as Care Net Pregnancy Resource Center of Southeastern Connecticut ("Care Net"), is a private, faith-based, non-profit organization that offers free pregnancy testing, ultrasounds, options counseling, adoption referrals, parenting classes, Bible studies, support

1

groups, and material resources like baby clothes, diapers, cribs, and car seats to women in the greater New London, Connecticut area.

> **ANSWER:** Admitted that Pregnancy Support Center Inc. is a non-profit organization doing business as Care Net Pregnancy Resources Center of SE Connecticut, but Defendant lacks sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

3.      Care Net's mission statement is "Empowering people to make informed choices." Care Net's purpose statement is: "The Care Net Pregnancy Resource Center is a Christian ministry committed to upholding the sanctity of human life and reducing abortion in New London County. We provide non-judgmental care for all people in all phases of decision making through spiritual, emotional, relational, and material support. Our services are free, caring and confidential."

> **ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

4.      Care Net's mission is to share the love and truth of God while helping others. Care Net furthers this mission by providing compassion, support, and hope to young women and men who find themselves facing unplanned pregnancies, to help encourage them to make life- affirming decisions.

> **ANSWER** Defendant lacks sufficient information at this time to admit or

deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

5.     Care Net offers lab-quality pregnancy testing and limited obstetric ultrasounds free of charge to all clients. Care Net also provides local referrals to additional services, such as obstetric care, adoption services, or parenting programs. Care Net describes all of these services on its website.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

6.     Care Net's website also provides a telephone number that individuals can call during business hours to ask any questions about its services, as well as a number where individuals can text message their questions about Care Net's services at any time.

**ANSWER**  Admitted that Care Net's website provides a telephone number for a "Care Net Office."  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

7.     Care Net provides its free services five days a week. Women may make appointments by phone or online through Care Net's website, or may walk in at any time Care Net is open, without making an appointment.

**ANSWER**  Admitted that Care Net's has patient hours on its website for five days of the week, but Defendant lacks sufficient information at this time

to admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

8.     Care Net's staff includes four trained peer advocates, one licensed marriage and family therapist, two registered nurses, a certified ultrasound technician, and a licensed Doctor of Osteopathic Medicine who serves as medical director. These staff provide personalized assistance to each client.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

9.     When a client's pregnancy test is negative, Care Net's registered nurse will discuss with the woman strategies for avoiding risk of pregnancy. When a client's pregnancy test is positive, Care Net's registered nurse will determine the gestational age based on last menstrual period and will offer an ultrasound if the gestational age is six weeks or greater, or offer an appointment for an ultrasound at a later date.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

10.     Connecticut enacted a law, Public Act No. 21–17 ("the Act" or the "Speech Regulation"), that bans Care Net from communicating freely with the individuals it serves and with those it wishes to serve, unless Care Net agrees to provide abortions, dispense abortifacient drugs, or offer referrals for abortions or

abortifacient drugs.

**ANSWER**  Admitted that Connecticut enacted Public Act No. 21-17 ("the Act").  Defendant denies all remaining allegations in this paragraph, including Plaintiff's characterization of P.A. 21-17.

11.     The practical result of enforcing the Act's speech ban is not only to inhibit a religious ministry from furthering its mission and message, but also to coerce religious speakers to speak messages about abortion that they conscientiously object to

**ANSWER**.  Denied.

12.     This violates the United States Constitution.

**ANSWER**.  Denied.

13.     The Act bans "deceptive advertising practices" by "limited services pregnancy centers."

**ANSWER**.  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

14.     Connecticut government officials, including the Act's primary bill sponsor and the Attorney General, have explained that the speech banned by the Act will include ordinary, truthful statements if Care Net does not also speak certain state-approved messages about abortion.

**ANSWER**  Denied.

15.     In defining "limited services pregnancy centers," the Act regulates the

speech *only* of centers that are "limited" in that they do not perform or refer for abortions or abortifacient drugs.

> **ANSWER**.  The language of the Act speaks for itself.  To the extent that an answer is necessary, Defendant admits that the act defines "limited services pregnancy center" as "a pregnancy center that does not directly provide, or provide referrals for, abortions or emergency contraception."  The remainder of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

16.     These centers are usually faith-based organizations that object on religious grounds to participating in abortion.

> **ANSWER**.  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

17.     Care Net is a faith-based center that objects on religious grounds to participating in, or referring for, abortion.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

18.     The Act excludes from the Speech Regulation other pregnancy-related centers that only offer "limited services," such as abortion clinics that do not offer prenatal ultrasounds or obstetric services.?

> **ANSWER.**  Defendant denies the characterization of the Act as a "Speech

Regulation."  The remainder of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The Act speaks for itself.

19.     And it does so even though prenatal and obstetric care are time-sensitive services for pregnant women.

**ANSWER**  Defendant admits that prenatal and obstetric care are time-sensitive services for pregnant women.  The remainder of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

20.     Moreover, the Act authorizes the Attorney General to demand that any alleged violation is "cured" within 10 days.

**ANSWER**  Defendant admits that the Act requires the Attorney General to "allow the limited services pregnancy center to cure [a] violation not later than ten days after receipt of the written notice [of the violation]" prior to commencement of an action in court pursuant to the Act.  The remainder of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

21.     If the Attorney General is not satisfied with any "corrective" speech by the center, he can initiate a civil lawsuit against them. *Id.* § 3(3)(b).

**ANSWER**  To the extent that this paragraph alleges that to cure a violation of the Act an entity must engage in "'corrective' speech," this paragraph is denied.  The remainder of this paragraph is a legal statement to which no

answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself.

22. Ultimately, if the Attorney General initiates further legal action, a center can be forced to "pay for and disseminate corrective advertising," and be penalized with fines up to $500 per violation, plus attorney's fees and costs. *Id.* § 3(3)(c)

**ANSWER** Defendant admits that a legal action pursuant to the Act may result in a defendant being ordered by the court to "pay for and disseminate appropriate corrective advertising" and the Plaintiff may be required to pay a civil penalty and reasonable attorney's fees and costs. Defendant denies, however, that this is a complete description of the injunctive relief that a court may order pursuant to the Act, and therefore it is inaccurate.

23. The Speech Regulation applies only to some facilities that serve some pregnant women but not to other facilities that serve pregnant women.

**ANSWER** Defendant denies that the Act is a speech regulation. The remaining allegations of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself. To the extent any further answer is required, this paragraph is denied.

24. The Speech Regulation is therefore underinclusive and does not further any compelling interest in informing pregnant women where they can obtain abortions or abortifacient drugs.

**ANSWER**  Denied.

25.     The Act applies to a subset of "pregnancy services centers," defined as a facility, "including a mobile facility, the primary purpose of which is to provide services to clients who are or have reason to believe they may be pregnant and that either (A) offers obstetric ultrasounds, obstetric sonograms, pregnancy testing or diagnosis or prenatal care to pregnant clients, or (B) has the appearance of a medical facility."

    **ANSWER**  Defendant admits that the Act, by its terms, does not apply to all pregnancy services centers, but only to "limited services pregnancy centers." The remainder of this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

26.     The Act dictates that a pregnancy services center has "the appearance of a medical facility" if it has at least two of the following criteria:

- "Staff or volunteers who wear medical attire and uniforms"

- "one or more examination tables"

- "a private or semiprivate room or area containing medical supplies or medical instruments"

- "staff or volunteers who collect health information from clients"

- "is located on the same premises as a licensed health care facility or licensed health care provider or shares facility space with a licensed health care provider"

*Id.* § 1(9).

> **ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself.

27. A pregnancy care center that asks women whether they have experienced any pregnancy symptoms and happens to be located in the same office park as a dentist would be subject to the Act's Speech Regulation.

> **ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

28. A center would be subject to the Act even if that center does not advertise any medical services and primarily focuses on offering free emotional, spiritual, practical, and material resources.

> **ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

29. A fully licensed obstetrician-gynecologist practice would be subject to the Act's Speech Regulation — but only if the practitioners there adhere to pro-life views – because that OB-GYN primarily serves pregnant women and does not perform, prescribe, or refer for abortions or abortifacient drugs.

> **ANSWER** Denied.

30. Defendant made no attempts to address the alleged deceptive advertising prior to restricting and mandating speech through the Act.

> **ANSWER** Denied.

31.     Nor did the Defendant take any previous measures aimed at ensuring that its citizens know where to obtain abortions or abortifacient drugs.

**ANSWER**  Denied.

32.     The Act's exemptions excuse hospitals, outpatient clinics, abortion clinics, county health departments, and private physicians' offices from compliance.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

33.     This is true even if those facilities serve many pregnant women and do not provide a comprehensive range of reproductive or prenatal health services or provide comprehensive information about all types of reproductive or prenatal health services.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

34.     The Act is titled "Concerning Deceptive Practices of Limited Services Pregnancy Centers," and it cites no facts supporting the assertion that pregnancy services centers in Connecticut have ever engaged in "deceptive practices."

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.  To the extent that an answer is required, Defendant

admits that the Act is titled "An Act Concerning Deceptive Advertising Practices of Limited Services Pregnancy Centers" and that the Act does not contain factual findings. To the extent that this paragraph alleges that no factual basis exists for the Act, it is denied.

35. The Legislature has not made any attempts, prior to enacting the Act, to address any such conduct.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. To the extent that an answer is required, this paragraph is denied.

36. Specifically, the Act prohibits a pregnancy services center "with intent to perform a pregnancy-related service" from "mak[ing] or disseminat[ing] before the public, or caus[ing] to be made or disseminated before the public, … in any … manner, … any statement concerning any pregnancy-related service or the provision of any pregnancy-related service that is deceptive, *whether by statement or omission*, and that a limited services pregnancy center knows or reasonably should know to be deceptive." *Id.* § 2 (Emphasis added.)

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself.

37. The Act exempts hospitals, outpatient clinics, private physicians' practices, community-based health clinics, and any other medical or nonmedical facilities providing pregnancy-related services from having to abide by the Speech

Regulation only if they perform or refer for abortion or abortifacient drugs.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself.

38. These facilities are exempt even if those providers might "inten[d] to perform pregnancy-related services" — and even if those providers engage in "deceptive" statements, "whether by statement or omission" regarding "any pregnancy-related service or the provision of any pregnancy-related service" that the provider "knows or reasonably should know to be deceptive." *Id.* § 2.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself.

39. Connecticut already has a law that prohibits claims of unfair and deceptive practices: Connecticut's Unfair Trade Practices Act (CUTPA).

**ANSWER** Admitted that the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 41-110a, et seq. ("CUTPA"), prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, subject to certain requirements and exceptions. In all other respects, this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

40. CUTPA does not single out the speech of certain types of entities, and it applies to Care Net and other pro-life pregnancy centers.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of CUTPA speaks for itself.

41.     The Attorney General states that the Act singles out pro-life pregnancy centers for additional speech regulations because he is unsure whether CUTPA applies to nonprofit pro-life pregnancy care centers that do not charge for their services.

**ANSWER** Denied.

42.     The text of CUTPA does not exempt organizations offering free services.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. The language of CUTPA speaks for itself.

43.     And Connecticut does not ban "deceptive" speech by any other types of nonprofit organizations that offer free services through other separate legislation.

**ANSWER** Denied.

44.     In addition, the Act does not contain any provision making it applicable only to pregnancy centers that offer free services as opposed to pregnancy centers charging a fee for services.

**ANSWER** Admitted that the Act does not contain any provision making it applicable only to pregnancy centers that offer free services as opposed to pregnancy centers charging a fee for services. In all other respects, this

paragraph is denied.

45.     This further undercuts Connecticut's professed need to target pro-life pregnancy centers despite CUTPA.

**ANSWER**  Denied.

46.     The Act expressly reserves the right of "the state or any political subdivision thereof [to] seek[] any administrative, legal or equitable relief permitted by law, including, but not limited to, relief permitted by chapter 735a of the general statutes [CUTPA] and the regulations adopted thereunder." *Id*. at § 3(d).

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

47.     This provision in the Act explicitly acknowledges that CUTPA contemplates that it is applicable to the speech targeted by the Act.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.  To the extent an answer is deemed necessary, this paragraph is denied.

48.     The Act is not drafted or intended primarily to limit deceptive speech or inform women where they can receive abortions or abortifacient drugs.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the

Act speaks for itself. To the extent that an answer is required, Defendant admits that the Act does not inform women where they can receive abortions or abortifacient drugs, but denies the remainder of the paragraph.

49. The Act's intent is interfering with pro-life views about life, pregnancy, and motherhood.

**ANSWER** Denied.

50. The Act is a speaker-based, viewpoint-based law targeting the speech only of speakers espousing certain pro-life moral, religious, and philosophical beliefs.

**ANSWER** Denied.

51. To stop this imminent irreparable harm, Care Net asks this Court to enjoin enforcement of the Act and to declare it unconstitutional, so Care Net may freely speak its beliefs, freely exercise its faith, and freely serve the women of Connecticut who may wish to benefit from its free support services.

**ANSWER** To the extent this paragraph re-states the relief that Plaintiff is seeking in this lawsuit, this paragraph is a legal statement to which no answer is necessary. Defendant denies that the relief sought by Plaintiff in this lawsuit is warranted or appropriate, and denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct.

**JURISDICTION AND VENUE**

52.     This Court has subject matter jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

53.     This Court has authority to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, the requested injunctive relief under 28 U.S.C. § 1343, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

54.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims detailed here occurred within the District of Connecticut and Defendant resides in the District of Connecticut.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

## PLAINTIFF

55.     Plaintiff Pregnancy Support Center Inc. d/b/a Care Net Pregnancy Resource Center of Southeastern Connecticut is a non-profit, religious entity organized under the laws of the State of Connecticut, with a principal place of business at 492 Montauk Ave., New London, Connecticut 06320.

**ANSWER**  Admitted that Pregnancy Support Center Inc. is a non-profit organization doing business as Care Net Pregnancy Resources Center of SE Connecticut, but Defendant lacks sufficient information at this time to

admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

## DEFENDANT

56.     Defendant William Tong is a citizen of Connecticut and the Attorney General of Connecticut. His authority is delegated to him by Connecticut General Statutes Section 3-125. [Attorney General] Tong is sued in his official capacity as Connecticut Attorney General. He is authorized to enforce the Act.

**ANSWER**  Admitted.

## FACTUAL BACKGROUND

### Care Net's Religious Beliefs and Charitable Services

57.     Care Net is a faith-based, non-profit organization.

**ANSWER**  Defendant admits that Care Net is a non-profit organization, but Defendant lacks sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

58.     Care Net's purpose is to provide non-judgmental care for all people in all phases of pregnancy decision making through spiritual, emotion [sic], relational, and material support.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

59.     Care Net's mission is: "Empowering people to make informed choices."

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

60.     Care Net does this both through acts of service — empowering women and providing women with exceptional care, up-to-date medical information, community-resource referrals, housing and educational resources, and a much-needed listening ear — and through the inculcation of Christian beliefs and values.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

61.     Care Net believes that through the provision of God's people and the community at large, women may face the future with hope and plan constructively for themselves and their babies.

**ANSWER** Defendant lacks sufficient information o admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

62.     Care Net believes God creates each human being in His image and forms babies in their mothers' wombs, such that every life has precious value and worth, from the moment of conception.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

63.     Care Net believes that women should be respected, encouraged,

supported, and protected.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

64.     Care Net is committed to creating awareness within the local community of the needs of pregnant women and of the fact that abortion only compounds human need rather than resolving it.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

65.     Care Net's sincerely held religious belief is that it should care for and support women facing difficult decisions and unplanned motherhood.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

66.     Care Net's sincerely held religious belief is that it should convey and promote messages about God's creation of each unique individual human life.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

67.     Care Net's sincerely held religious belief is that it should be loving, clear, and honest in its interactions with others. Its policies require volunteers and

staff to always to be truthful, honest and forthright with clients. Deception, hints and innuendoes are NEVER used to deceive or convince a client.

> **ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

68.     Care Net's commitment to honesty extends to all communications, including its discussions with women about abortion. When discussing abortion procedures and risks, the descriptions are limited to documented facts only.

> **ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

69.     Care Net's sincerely held religious belief is that it should care for and support women facing difficult decisions and unplanned motherhood.

> **ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

70.     Care Net is committed to providing expectant mothers and fathers with everything they need to make an informed pregnancy decision.  Care Net believes that women and men have a right to get accurate information from a resource that will not profit from the choices and pregnancy decisions they make.

> **ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its

proof.

71.    Care Net's policy requires tender, compassionate care to any woman who is not prepared for pregnancy. Because not all pregnant women wish to discuss abortion, Care Net's policy is that if a client has not requested information about fetal development and/or abortion procedures and risks, her volunteer will obtain her verbal consent before discussing these topics with her. This compassion is extended to any educational materials that might be provided to a client. In this way, Care Net offers client-centered counseling in which the pregnant mother directs the course of the conversation according to her own questions, wants, and needs.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

72.    For women requesting certain types of medical care that Care Net does not provide, such as obstetric care, STI treatment, and mental health treatment, Care Net provides referrals for those services, to connect women with the appropriate medical provider.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

73.    Inspired by the love of Jesus, Care Net fulfills its religious mission by serving and teaching women about their unique value as human beings made in

God's image, the precious value of babies in the womb, and the hope and peace that Jesus Christ offers.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

74.     Care Net clients are offered Christian counseling, teaching, and advice provided by staff and volunteers.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

75.     Care Net hopes that by loving, serving, and counseling women in need, those it serves will put their faith in Jesus and free themselves from unhealthy behaviors, destructive relationships and habits, fears, and hopelessness.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

76.     Because Care Net believes that every human being is made in the image of God and is of precious worth at each and every stage of life, Care Net cannot refer for or provide abortions or abortifacient drugs without violating its religious beliefs.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its

proof.

77.     It would violate Care Net's sincerely held religious beliefs about truthfulness and would violate its ability to communicate its sincerely held religious beliefs about God's creation to ban Care Net from communicating about its free services in truthful and compassionate ways, as it has long done.

> **ANSWER**  Defendant denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct, including truthful marketing of its free services.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

78.     It would violate Care Net's sincerely held religious beliefs about truthfulness and would violate its ability to communicate its sincerely held religious beliefs about God's creation to force Care Net to engage in "corrective" speech of the government's choosing on the divisive and controversial topic of abortion, which bears moral and spiritual implications.

> **ANSWER**  Defendant denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct, and denies that the Act unconstitutionally forces Plaintiff to engage in speech or conduct.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

**The Act**

79.     With Public Act No. 21–17, enacted May 26, 2021, the Connecticut
General Assembly adopted "An Act Concerning Deceptive Advertising Practices of
Limited Services Pregnancy Centers." The Act went into effect July 1, 2021.

**ANSWER**  Admitted.

80.     The Act defines the speakers that it governs through a detailed
definition that excludes every speaker in Connecticut except for those who
primarily serve pregnant women and do not provide or promote abortion.

**ANSWER**  This paragraph is a legal statement to which no answer is
necessary, and Defendant leaves Plaintiff to its proof.  The language of the
Act speaks for itself.

81.     The Act defines a "Limited services pregnancy center" to mean the
center "does not directly provide, or provide referrals for, abortions or emergency
contraception." *Id.* at § 1(7).

**ANSWER**  This paragraph is a legal statement to which no answer is
necessary, and Defendant leaves Plaintiff to its proof.  The language of the
Act speaks for itself.

82.     The Act does not consider any other service besides performing or
facilitating abortion and abortifacient drugs as a factor in whether pregnancy-
related services are "limited."

**ANSWER**  This paragraph is a legal statement to which no answer is
necessary, and Defendant leaves Plaintiff to its proof.  The language of the
Act speaks for itself.

83.   The Act's terms and phrases such as "cause to be made or disseminated" or "deceptive … by omission," are not defined in the Act

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.

84.   Nor does the Act provide guidance on how to interpret or enforce these terms.

**ANSWER**  Denied.

85.   Under the Act, the Attorney General may enforce the Act against a "limited services" pregnancy center at any time and has sole discretion and authority to determine whether a center is in violation of the Act. *Id.* at § 3(a)–(b).

**ANSWER**  Defendant admits that the Attorney General has authority to enforce the Act against limited service pregnancy centers, but denies that he "has sole discretion and authority to determine whether a center is in violation of the act."  Rather, the Act authorizes the Attorney General, subject to certain requirements, to "apply to any court of competent jurisdiction for injunctive relief to compel compliance" with the Act.

86.   Under the Act, if the Attorney General prevails in an action against a pregnancy care center, the center will be punished with civil penalties of $50 to $500 per violation, and liable for attorneys' fees and costs. *Id.* at § 3(c).

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.   The language of the

Act speaks for itself.  To the extent that an answer is required, Defendant admits that if a court finds that a limited services pregnancy center has violated the Act, the state shall be entitled to recover civil penalties of not less than fifty dollars and not more than five hundred dollars per violation and reasonable attorney's fees and costs.

87.     If the pregnancy center prevails in the action, there is no provision in the Act providing the center relief for its attorneys' fees and costs incurred for defending itself against the Attorney General's failed charges.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.  To the extent that an answer is required, Defendant admits that the Act does not authorize an award of attorneys' fees and costs to a limited services pregnancy center if a court finds that it has not violated the Act.

**Legislative Testimony on the Act**

88.     During the February 10, 2021, Public Health Committee hearing on the Act, bill sponsor Rep. Jillian Gilchrest testified that "this legislation fills a gap because organizations, agencies like Planned Parenthood are already covered under CUTPA," while also acknowledging that "Planned Parenthood is a 501(c)(3) non-profit."

**ANSWER**  To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no

response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

89.     In the May 19, 2021, public hearing on the Act, Rep. Gilchrest was asked whether there had been *any* complaints against a pregnancy center in Connecticut concerning deceptive practices.

**ANSWER**   To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

90.     Gilchrest stated that "there are no complaints [against any pregnancy center] through the Department of Consumer Protection.,"[1]

**ANSWER**   To the extent this paragraph refers to testimony during a public

---

[1] *An Act Concerning Deceptive Advertising Practices of Limited Services Pregnancy Centers*: Hearing on SB 835 Before the H. of Rep., 2021 Conn. General Assembly 50 (May 19, 2021) (statement of Rep. J. Gilchrest, 18th Dist.).

hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

91. Gilchrest also stated that "we have not had complaints in the state of Connecticut through our state agencies."[2]

**ANSWER** To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

92. During that hearing, Rep. Gilchrest was asked whether the Act would regulate the speech of volunteers outside of a pregnancy center (including "by omission"), and she testified that it would.[3]

**ANSWER** To the extent this paragraph refers to testimony during a public

---

[2] *Id.* at 81.
[3] *Id.* at 55–56.

hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

93. When an identical version of the Act was introduced during the 2020 legislative session but failed to pass, [4] bill sponsor Rep. Gilchrest testified that the legislation would mean that staff at pregnancy centers "wouldn't be able to wear the white jackets" and "their signage would need to change, and they would need to not look as though they are a health clinic." [5]

**ANSWER** Admitted that S.B. 144 was introduced during the 2020 legislative session but was not enacted. Plaintiff's allegation that S.B. 144 was "an identical version of the Act" is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate

---

[4] SB 144 (2020).
[5] Hearing on SB 144 Before the Public Health Committee at 54, (March 9, 2020) (statement of Rep. Jillian Gilchrest), https://perma.cc/YG8G-SD67 (last accessed Sept. 3, 2021).

statement of the testimony. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

94.     Care Net and many other pregnancy centers in the state are staffed by medical personnel and provide medical services.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

95.     During the 2020 legislative hearings on the prior identical version of the Act, bill co-sponsor Rep. David Michel supported the Act, and identified as "deceptive" and specifically referenced Care Net's pamphlets stating that Care Net offers "medical referrals" and states: "If you are considering the possibility of an abortion ..., then please contact us first!"[6]

**ANSWER**  Admitted that S.B. 144 was introduced during the 2020 legislative session but was not enacted. Plaintiff's allegation that S.B. 144 was an "identical version of the Act" is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers

---

[6] Hearing on SB 144 Before the Public Health Committee at 397–98, (Feb. 11, 2019) (statement of Rep. David Michel), https://perma.cc/K2NW-9TDN (last accessed Sept. 3, 2021).

the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony.  To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

96.     At the Public Health Committee hearing on the 2019 version of the Act, Rep. Gilchrest stated that pregnancy centers have deceptively "co-opted the language of reproductive health and choice."

**ANSWER**  To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required.  Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony.  To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of the testimony.

97.     Gilchrest did not list a single example.

**ANSWER**  To the extent this paragraph refers to testimony during a public hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required.  Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony.  To the extent a response is deemed necessary, Defendant denies that this

paragraph provides a full or accurate representation of the entirety of the testimony.

98.     Co-sponsor of the Act Rep. Lucy Dathan, who also voted for it, also testified in support of the 2019 version on the grounds that when she had "done some Google searches … when searching 'abortion services Connecticut,' limited-services pregnancy centers were coming up … [a]nd I felt that that just wasn't fair that they were coming up."

> **ANSWER** To the extent this paragraph refers to testimony during a
> public hearing, the transcript of that hearing speaks for itself; therefore,
> no response to these allegations is required.  Defendant neither admits
> nor denies them, and respectfully refers the Court to the transcript of the
> referenced hearing for a full and accurate statement of the testimony.  To
> the extent a response is deemed necessary, Defendant denies that this
> paragraph provides a full or accurate representation of the entirety of the
> testimony.

99.     The General Assembly rejected an amendment that would have allowed pregnancy centers to recover their legal costs and fees should they prevail in a legal action brought under the Act by the Attorney General.[7]

> **ANSWER**  Admitted that a proposed amendment to the Act, which would
> have permitted a pregnancy services center to recover reasonable attorney's
> fees and costs upon a finding by the court that the pregnancy services center

---

[7] An Act Concerning Deceptive Advertising Practices of Limited Services Pregnancy Centers: Hearing on SB 835 Before the H. of Rep., 2021 Conn. General Assembly 50 (May 19, 2021) (statement of Rep. Gilchrest, 18th Dist.).

had not violated any provision of the Act, was not adopted.

**Attorney General Tong's Statements on the Act**

100.    Defendant Attorney General Tong testified in favor of the Act, noting his strong support for it and eagerness to enforce it, as he did when virtually identical bills were introduced in 2019 and 2020.

> **ANSWER**  Admitted that Defendant testified in support of the Act, as well as the bills that were introduced in 2019 and 2020, and has generally supported this legislation.   In all other respects, this paragraph is denied.

101.    In support for the substantially identical 2019 version of the Act, Defendant Tong was asked what kind of statements would be considered "deceptive" under the Act.

> **ANSWER**  Admitted that, during the portion of the media interview referenced in this paragraph and in paragraph 102, Defendant was asked, "How are you going to define" what a "misleading or deceptive practice" is?  In all other respects, this paragraph is denied.

102.    Defendant Tong answered that the statement, "Are you pregnant? Need help with your pregnancy? Do you want abortion-related counseling?" is a "pretty clear" example, if a pregnancy center does not perform or refer for abortions, because women are "expecting to have the full-range of options available to them … including termination of pregnancy."[8]

---

[8] News 12 Connecticut, *Power & Politics: AG Tong on drug prices, opioids, abortion and more*, (May 18, 2019), https://connecticut.news12.com/power-and-politics-ag-tong-on-drug-prices-opioids-abortion-and-more-40494673, at 19:00–20:30 (last accessed Sept. 3, 2021).

**ANSWER** To the extent this paragraph refers to statements the Defendant made during the portion of the media interview referenced in footnote 8 of paragraph 102 of the Complaint, the video recording of that interview speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the video recording referenced in footnote 8 for a full and accurate depiction of those statements. To the extent a response is deemed necessary, Defendant denies that this paragraph accurately quotes his statements, and denies that this paragraph provides a full or accurate representation of the entirety of his statements.

103. Defendant Tong further stated that his office is "going to take action" in such circumstances.[9]

**ANSWER** To the extent this paragraph refers to statements the Defendant made during the portion of the media interview referenced in footnote 9 of paragraph 103 of the Complaint, the video recording of that interview speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the video recording referenced in footnote 8 of paragraph 102 for a full and accurate depiction of those statements. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the entirety of his statements.

---

[9] *Id.* at 19:20–19:50.

104.    In defense of the 2019 version of the Act, Defendant Tong stated that in litigation against a pregnancy center based on the Act, for example, "a judge or jury would decide whether or not the wearing of a white coat … actually deceived somebody," and thus the pregnancy center violated the law.

**ANSWER**  To the extent this paragraph refers to Defendant's testimony during the Public Health Committee hearing on February 11, 2019, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required.  Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony.  To the extent a response is deemed necessary, Defendant denies that this paragraph accurately quotes his testimony or provides a full or accurate representation of the entirety of his testimony.

105.    Care Net and many other pregnancy centers in Connecticut are staffed by medical professionals and provide medical services.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

106.    All of Care Net's medical personnel wear scrubs.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its

proof.

107.    Tong has targeted pro-life pregnancy centers, stated that he will enforce the Act against them, and stated that statements made by them would violate the Act.

**ANSWER**  Denied.

### Governor Lamont's Statements on the Act

108.    On the day he signed the Act into law, Governor Ned Lamont stated publicly that "limited services" (pro-life) pregnancy centers engage in "deceitful ploy[s]" and "shameful practices."

**ANSWER**  To the extent this paragraph quotes from the written statement made by the Governor on social media referenced in footnote 10 of paragraph 109, that written statement speaks for itself; therefore, no response to these allegations is required.  Defendant neither admits nor denies them, and respectfully refers the Court to that written statement for a full and accurate depiction of the statement.  To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the statement.

109.    Governor Lamont stated that abortion is a "God-given right."[10]

**ANSWER**  To the extent this paragraph quotes from the written statement

---

[10] Office of Governor Ned Lamont, Facebook (June 2, 2021), https://www.facebook.com/watch/?v=205028028014345 (last accessed Sept. 3, 2021) (Text of post accompanying video reads: "Deceptive advertising by so-called limited service pregnancy centers is a deceitful ploy aimed at misleading women seeking medical advice. Today, I proudly signed a bill outlawing these shameful practices preventing women from getting necessary healthcare, their God-given right.")

made by the Governor on social media referenced in footnote 10 of paragraph 109, that written statement speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to that statement for a full and accurate depiction of the statement. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the statement.

110. Governor Lamont gave a press conference during which he stated: "this deceptive advertising, these games, the deceit people are playing," referring to pro-life pregnancy centers.[11]

> **ANSWER** To the extent this paragraph refers to public statements made by the Governor during the press conference referenced in footnote 10 of paragraph 109, the video record of that press conference speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to that video recording for a full and accurate depiction of the statements. To the extent a response is deemed necessary, Defendant denies that this paragraph provides a full or accurate representation of the statement.

111. Governor Lamont further stated about the claims of deceptive advertising that "it's a political agenda and it's wrong, and . . . William Tong will hold them accountable."[12]

---

[11] *Id.* at 0:05–0:09.
[12] *Id.* at 0:10–0:15.

**ANSWER**  To the extent this paragraph refers to public statements made by the Governor during the press conference referenced in footnote 10 of paragraph 109, the video record of that press conference speaks for itself; therefore, no response to these allegations is required.  Defendant neither admits nor denies them, and respectfully refers the Court to that video recording for a full and accurate depiction of the statements.  To the extent a response is deemed necessary, Defendant admits that the Governor made the statement quoted in this paragraph.

112.    In his statements, Governor Lamont admitted the Act targets pro-life pregnancy centers, yet cited to no incidents of actual deceptive advertising by them.

**ANSWER**  Denied.

### Care Net's Outreach Communications

113.    The landing page of Care Net's website — and every single other page on Care Net's website — says, in bold print: "**Care Net SECT does not provide or refer for terminations or emergency contraception**."

**ANSWER**  Defendant admits that on December 7, 2021, the quoted statement appears on the landing page of Care Net's website.  Defendant lacks sufficient information at this time to admit or deny whether the statement appeared on every single other page of the website on, and therefore leaves Plaintiff to its proof.

114.    Care Net has long engaged in truthful outreach communications on

social media and in print materials that use phrases that legislators and Attorney General Tong have stated are "deceptive."

    **ANSWER**  Defendant denies Plaintiff's characterizations of Defendant's and legislators' statements.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

115.   Care Net's brochures note that it offers "medical referrals" (which it does) and pose the following invitation to women: "If you are considering the possibility of an abortion …, then please contact us first!" — statements Act co-sponsor Rep. Michel deemed "deceptive."

    **ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

116.   Care Net also includes truthful information on its website that government officials have claimed would be deemed "deceptive" under the Act, such as the statement that it provides "pregnancy options [and] abortion information" — which it does.

    **ANSWER**  Defendant denies Plaintiff's characterization of the statements of "government officials" as to what would be deemed "deceptive" under the Act.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

117.    Care Net's website also has a drop-down tab for "ABORTION INFO,"
where Care Net invites women to "Come see us for a free abortion information
consultation and pregnancy confirmation appointment;" and "If you are
considering the abortion pill, make an appointment today. We provide accurate
medical information on the abortion pill and abortion procedures, and we can help
you make a fully informed decision."

> **ANSWER**  Defendant admits that on December 7, 2021, Care Net's website
> had a drop-down bat for "ABORTION INFO," but lacks sufficient
> information at this time to admit or deny that the statements appeared on
> the website, and therefore leaves Plaintiff to its proof.

118.    Care Net's website says: "Even if your pregnancy was planned, you
may be wondering if you should continue your pregnancy or if an abortion or the
abortion pill is a safe option for you. We can help. If you or someone you know is
facing a pregnancy decision right now, give us a call or send us a message today."

> **ANSWER**  Defendant lacks sufficient information at this time to admit or
> deny the allegations in this paragraph, and therefore leaves Plaintiff to its
> proof.

119.    A witness testifying in support of the Act at the Public Health
Committee hearing on February 10 brought a screenshot of that language on Care
Net's website and read those words as an example of "specific deceptive
advertising."

> **ANSWER**  To the extent this paragraph refers to testimony during a public

hearing, the transcript of that hearing speaks for itself; therefore, no response to these allegations is required. Defendant neither admits nor denies them, and respectfully refers the Court to the transcript of the referenced hearing for a full and accurate statement of the testimony. To the extent a response is deemed necessary, Defendant admits that, when a witness was asked during the February 10 Public Health Committee hearing whether she could "give some specific deceptive advertising," the witness responded by reading language that included, but was limited to, the language quoted in paragraph 118, and stating that the language was from a "screenshot" taken from "Care Net PRC on April 2nd in 2020." In all other respects, Defendant denies this paragraph.

120. Care Net is refraining from using the statements "Are you pregnant? Need help with your pregnancy? Do you want abortion-related counseling?" phrase as such because Defendant Tong has stated that those statements are a "pretty clear" example of "deceptive" speech that violates the Act.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

121. Care Net would otherwise be using the statements "Are you pregnant?" and "Need help with your pregnancy?" and "Do you want abortion-related counseling?" in its outreach materials but for Defendant Tong's threat that those statements violate the Act.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

122.     Refraining from posting or communicating these messages violates Care Net's religious beliefs because Care Net is religiously motivated and obligated to follow God's calling to reach out with compassion to offer hope and help to women who may be facing unplanned pregnancies and in need of information and support.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

## ALLEGATIONS OF LAW

123.     At all times relevant to this Complaint, each and all of the acts alleged here are attributable to Defendant, who acts under color of a statute, regulation, custom, act, or usage of the State of Connecticut.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

124.     Care Net currently suffers imminent and irreparable harm because of Defendant's actions that violate Care Net's constitutional rights.

**ANSWER** Denied.

125.     Care Net has no adequate or speedy remedy at law for the loss of its constitutional rights.

**ANSWER**  Denied.

126.    Unless the Act is enjoined, Care Net will continue to suffer irreparable injury.

**ANSWER**  Denied.

## FIRST CAUSE OF ACTION
## First Amendment: Freedom of Speech

127.    Care Net repeats and realleges each allegation contained in paragraphs 1-126 of this Complaint.

**ANSWER**  Defendant reincorporates its responses to the allegations in paragraphs 1 through 126 as if fully set forth herein.


128.    The First Amendment's Free Speech Clause protects Care Net's rights to speak, to publish speech, to be free from content and viewpoint discrimination, to be free from unconstitutional conditions, to be free from vague laws allowing unbridled discretion, to be free from overbroad laws, to not speak, and to not publish speech.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

129.    The Act subjects Care Net to fines and attorney's fees because of the pro-life content and viewpoint of its speech and because it is a pro-life organization.

**ANSWER**  Denied.

130.    Members of the Connecticut General Assembly and Defendant Tong made statements demonstrating the Act targets pregnancy centers because of their

pro-life views.

**ANSWER**  Denied.

131.    If not for the Act, Care Net and its agents, including its staff, would freely engage in protected speech, without hesitancy or fear of government punishment.

**ANSWER**  Denied that the Act prevents Care Net, and its agents, including staff, from engaging in any constitutionally protected speech.  Defendant lacks sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof

132.    Instead, Care Net is unable to freely publish or display a portion of its desired outreach materials without fear of government penalty.

**ANSWER**  Denied that the Act prevents Care Net from engaging in any constitutionally protected speech.  Defendant lacks sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

133.    Care Net has not and will not engage in certain protected speech, such as the statements alleged above that Defendant Tong stated violate the Act, to avoid violating Connecticut's unconstitutional interpretation and application of the Act, and to avoid incurring the penalties for violating Connecticut's interpretation of that law.

**ANSWER**  Denied that the Act or Defendant's interpretation of the Act is unconstitutional.  Defendant lacks sufficient information at this time to

admit or deny the remaining allegations in this paragraph, and therefore leaves Plaintiff to its proof.

134.     Care Net is currently suffering ongoing harm because of the Act.

**ANSWER**  Denied.

135.     Because the Act infringes rights under the Free Speech Clause, its provisions chill, deter, and restrict Care Net.

**ANSWER**  Denied.

136.     Further, vague and overbroad language included in the Act allows unbridled discretion.

**ANSWER**  Denied.

137.     The Act makes it illegal for a "limited" pregnancy services center to "cause to be made or disseminated before the public, . . . in any . . . manner" "any statement concerning any pregnancy-related service" that the Attorney General adjudges "deceptive, whether by statement or omission," if the center has "intent perform a pregnancy-related service" and "knows or reasonably should know" the statement or omission will be deemed "deceptive."

**ANSWER**  This paragraph is a legal statement to which no response is necessary and Defendant leaves Plaintiff to its proof.  The language of the Act speaks for itself.  To the extent a response is deemed necessary, Defendant denies that this paragraph fully and accurately reflects the language of the Act, and respectfully refers the Court to Section 2 of the Act for a full statement of the conduct the Act prohibits.

138.     The Act permits Connecticut to punish disfavored speech on pregnancy, motherhood, sexuality, abortions, and unborn life, and other topics of public concern.

**ANSWER**  Denied.

139.     This targeting of certain pro-life speech also exacerbates the Act's viewpoint discrimination.

**ANSWER**  Denied.

140.     Because the Act violates free-speech principles for all the reasons stated above, it must further a compelling interest in a narrowly tailored way.

> **ANSWER**  Denied that the Act violates free speech principles.  In all other respects, this paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

141.     Punishing Care Net's speech also does not serve any legitimate, rational, substantial, or compelling government interest in a narrowly tailored way.

> **ANSWER**  Defendant denies that the Act punishes Care Net's speech or is subject to any heightened standard of scrutiny.  Defendant also denies that the Act does not serve any legitimate, rational, substantial government interest in a narrowly tailored way.

142.     Connecticut has alternative, less restrictive means to achieve any legitimate interest it may possess rather than forcing Care Net to abandon its free-speech rights, such as by relying on CUTPA, exempting protected speech, or even

amending CUTPA to cover the entities it claims may or may not be covered.

**ANSWER**  Denied.

143.    Accordingly, facially and as applied to Care Net, the Act violates the First Amendment right to free speech.

**ANSWER**  Denied.

## SECOND CAUSE OF ACTION
## First Amendment: Free Exercise of Religion

144.    Care Net repeats and realleges each allegation contained in paragraphs 1–143 of this Complaint.

**ANSWER**:  Defendant reincorporates its responses to the allegations in paragraphs 1 through 143 as if fully set forth herein.

145.    The First Amendment to the United States Constitution protects Care Net's rights to operate, publish, speak, and not speak, in accordance with its religious beliefs.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

146.    The First Amendment protects Care Net's right to believe and profess the religious doctrines of its choice.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

147.    The First Amendment protects Care Net's right to communicate its beliefs in the manner and with the words it chooses.

**ANSWER**  This paragraph is a legal statement to which no answer is

necessary, and Defendant leaves Plaintiff to its proof.

148.    The First Amendment prohibits the government from interfering with this right by punishing the profession of a religious belief or imposing special disabilities on the basis of stating disfavored religious views.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

149.    Care Net has sincerely held religious beliefs that motivate and require it to operate its ministry in accordance with biblical moral teachings affirming the value and dignity of life at every stage, from the moment of conception, and to teach and explain those beliefs to the public and those Care Net serves.

**ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

150.    Care Net would violate its religious beliefs if it were forced to participate at all in abortion, refer for abortion, or parrot a government script under the guise of "corrective advertising" and thus were stopped from freely informing others about its religious beliefs and its free charitable services.

**ANSWER**  Defendant denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct, and denies that the Act unconstitutionally forces Plaintiff to engage in speech or conduct.  As to the remaining allegations in this paragraph, Defendant lacks

sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

151.    Care Net would also violate its religious beliefs if it were inhibited from freely following its religious beliefs about abortion, or informing others about its religious beliefs and its free services because of the chilling effect of the Act's threatened punishment.

**ANSWER**  Defendant denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct, and denies that the Act unconstitutionally forces Plaintiff to engage in speech or conduct.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

152.    The Act is not neutral or generally applicable because it is informed by hostility toward pregnancy services centers' religious beliefs and pro-life viewpoint, and it targets pregnancy service centers' disfavored religious beliefs for punishment.

**ANSWER**  Denied.

153.    The Act is not neutral or generally applicable because its object is to infringe upon or restrict pro-life pregnancy services centers' practices because of their religious motivation.

**ANSWER**  Denied.

154.    The Act is not neutral or generally applicable because it reflects

government intolerance toward certain religious beliefs and restricts speech because of its religious nature.

**ANSWER**  Denied.

155.    The Act's regulations interfere with pregnancy services centers' religious speech without any substantial evidence of a compelling need for the Act.

**ANSWER**  Denied.

156.    Members of the Connecticut General Assembly made statements during the course of enacting the Act indicating it targets pregnancy services centers because of their pro-life religious views on abortion.

**ANSWER**  Denied.

157.    The Act punishes Care Net's profession of its religious beliefs.

**ANSWER**  Denied.

158.    Application of the Act is being threatened against Care Net and other pregnancy services centers to suppress their speech based on their own religious beliefs.

**ANSWER**  Denied.

159.    The Act treats religiously motivated pro-life pregnancy services centers less favorably than some similarly situated secular "limited services" facilities primarily serving pregnant women, such as abortion clinics.

**ANSWER**  Denied.

160.    The Act is also not neutral or generally applicable because it contains categorical exemptions for medical providers that are willing to provide or refer for

abortion.

**ANSWER**  Denied.

161.    The Act therefore imposes special disabilities on pregnancy services centers and Care Net due exclusively to their profession of disfavored religious beliefs.

**ANSWER**  Denied.

162.    The Act punishes pregnancy centers that adhere to pro-life views by forcing them to pay their own litigation costs and attorneys' fees if Defendant Tong chooses to bring an action against them, even if they are fully vindicated by a court determination that their speech is not deceptive.

**ANSWER**  Denied.

163.    The Act burdens Care Net's sincerely held religious beliefs by banning, deterring, and preventing its religiously motivated exercise and speech.

**ANSWER**  Denied.

164.    The Act also violates Care Net's free exercise rights under the hybrid-rights doctrine because it implicates free-exercise rights in conjunction with other constitutional protections, like the rights to free speech, expressive association, due process, and equal protection.

**ANSWER**  Denied.

165.    Connecticut has not pursued measures less restrictive of First Amendment activity before imposing the Act.

**ANSWER**  Denied.  The Act does not restrict any activities protected by the

First Amendment.

166.    The Act does not serve any compelling, significant, legitimate, or even valid interests in a narrowly tailored way.

**ANSWER**  Denied.

167.    Accordingly, facially and as applied to Care Net, the Act violates the First Amendment right to free exercise.

**ANSWER**  Denied.

### THIRD CAUSE OF ACTION
### Fourteenth Amendment: Equal Protection

168.    Care Net repeats and realleges each allegation contained in paragraphs 1–167 of this Complaint.

**ANSWER:**  Defendant reincorporates its responses to the allegations in paragraphs 1 through 167 as if fully set forth herein.

169.    The Fourteenth Amendment to the United States Constitution guarantees Care Net equal protection of the laws, which prohibits Defendant from treating Care Net differently than similarly situated persons or entities.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

170.    The government may not treat some entities disparately as compared to similarly situated entities, based on a fundamental right.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

171.    The Act exempts facilities primarily serving pregnant women if those

entities perform or refer for abortions, while imposing speech requirements on entities primarily serving pregnant women if they have religious or moral objections to facilitating abortion or abortifacient drugs, thereby treating those similarly situated entities differently.

**ANSWER**  Denied.

172.    The Act lacks a rational or compelling state interest for such disparate treatment of Care Net and other pregnancy centers which do not promote abortion because lack of knowledge about how to obtain an abortion is not a significant social problem in Connecticut, where approximately 10,000 abortions are committed each year.

**ANSWER**  Denied.

173.    The Act lacks a rational or compelling state interest for such disparate treatment of Care Net and other pregnancy centers which do not promote abortion because baseless accusations without evidence of an actual problem with consumer deception or confusion is not a significant problem.

**ANSWER**  Denied.

174.    The Act's disparate treatment of Care Net and pregnancy centers with pro-life views is not narrowly tailored because compelling Care Net and other pro-life pregnancy centers to promote abortion, in violation of their religious beliefs, in order to speak freely is not the least restrictive means of advancing any legitimate interest the government may have.

**ANSWER**  Denied.

175.    Defendant's implementation and enforcement of the Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as applied to Care Net.

**ANSWER**  Denied.

## FOURTH CAUSE OF ACTION
## Fourteenth Amendment: Procedural Due Process

176.    Care Net repeats and realleges each allegation contained in paragraphs 1–175 of this Complaint.

**ANSWER**:  Defendant reincorporates its responses to the allegations in paragraphs 1 through 175 as if fully set forth herein.

177.    The Due Process Clause of the Fourteenth Amendment guarantees persons the right to due process of law, which includes the right to be free from vague guidelines granting officials unbridled discretion.

**ANSWER**  This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

178.    Care Net's Fourteenth Amendment right to due process is violated in both the vague language the Act uses as well as the lack of procedural safeguards included in the enforcement process.

**ANSWER**  Denied.

179.    The Act uses undefined and overbroad terms and phrases such as "cause to be made or disseminated," "in any … manner," "concerning," and "omission" to describe the speech that is prohibited.

**ANSWER**  To the extent this paragraph quotes certain terms and phrases

used in the Act, it is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof. Defendant denies that the terms or phrases used in the Act are undefined or overbroad, or in any manner unconstitutional.

180. The Act is vague, facially and as applied, because it outlaws communication or lack of communication about "any pregnancy-related service."

**ANSWER** Denied.

181. The Act's lack of definition of "pregnancy-related service," as well as the open-ended vagueness of the terms "deceptive" and "omission," exacerbate the Act's First Amendment problems because its vague terms grant unbridled discretion to Attorney General Tong to ban or punish speech the government opposes and to mandate speech the government supports.

**ANSWER** Denied.

182. These provisions use vague and undefined terms and guidelines, granting officials unbridled discretion. The Act is therefore vague on its face and as applied to Care Net and does not provide it fair notice.

**ANSWER** Denied.

183. The Attorney General has the power to investigate, apply, and enforce the Act.

**ANSWER** This paragraph is a legal statement to which no response is necessary and Defendant leaves Plaintiff to its proof. The language of the Act speaks for itself. To the extent that a response is required, it is

admitted that the Act vests the Attorney General with authority to "apply to any court of competent jurisdiction for injunctive relief to compel compliance" with the Act and "correct the effects of deceptive advertising."

184.   The Act gives the Attorney General discretion such that he "may" enforce the Act by filing a civil action and has sole authority to determine whether any violations were "cure[d]." *Id.* § 3(3)(b).

> **ANSWER**  Admitted that pursuant to the Act the Attorney General "may apply to any court of competent jurisdiction for injunctive relief to compel compliance" with the Act and "correct the effects of deceptive advertising." The remainder of this paragraph is denied.

185.   As such, the Act is devoid of procedural safeguards to protect any pregnancy services center subject to it.  The broad powers given to the Attorney General violate the concepts of legal fairness, objectivity, and due process.

> **ANSWER**  Denied.

186.   The Act does not serve any compelling, significant, legitimate, or even valid interest in a narrowly tailored way.

> **ANSWER**  Denied.

187.   Accordingly, facially and as applied to Care Net, the Act's vague language and lack of procedural safeguards violate the Fourteenth Amendment right to due process under the laws.

> **ANSWER**  Denied.

### FIFTH CAUSE OF ACTION
### First Amendment: Freedom of Expressive Association

188. Care Net repeats and realleges each allegation contained in paragraphs 1–187 of this Complaint.

**ANSWER:** Defendant reincorporates its responses to the allegations in paragraphs 1 through 187 as if fully set forth herein.

189. The First Amendment protects the right of people to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

190. The First Amendment prohibits the government from banning people from associating with others in an association expressing messages.

**ANSWER** This paragraph is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

191. Care Net is an expressive association because people with likeminded beliefs, including those on staff and volunteers in its organization, are joining together to assist and serve women in the Connecticut area and to express their religious beliefs about God's creation of life, sexuality, pregnancy, and motherhood.

**ANSWER** Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

192. The volunteers and staff at Care Net advocate the position that women deserve dignity, respect, and truth when seeking information and counsel

about their pregnancy or a potential pregnancy. Forcing Care Net to make "curative" statements would undermine its ability to advocate that position and cause it to reconsider its operations going forward. Subjecting Care Net to the Act's vague and overbroad Speech Regulation would also undermine its ability to advocate its beliefs-based position and its free association with women it seeks to associate with.

> **ANSWER**  Defendant denies that the Act in any manner infringes on Plaintiff's ability to engage in any constitutionally protected conduct, unconstitutionally forces Plaintiff to engage in speech or conduct, or uses vague or overbroad terms.  As to the remaining allegations in this paragraph, Defendant lacks sufficient information at this time to admit or deny them, and therefore leaves Plaintiff to its proof.

193.    Care Net likewise engages in expressive association when its staff and volunteers partner with each other and partner with women seeking information and counsel, teaching them certain biblical values and lessons.

> **ANSWER**  To the extent this paragraph references the services Plaintiff provides, Defendant lacks sufficient information at this time to admit or deny those allegations, and therefore leaves Plaintiff to its proof.  The allegation that the referenced activities constitute "expressive association" is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

194.    In offering free services to those who seek the services, Care Net

expressively associates with those women for the purpose of communicating desirable messages to those individuals.

> **ANSWER**  To the extent this paragraph references the services Plaintiff provides, Defendant lacks sufficient information at this time to admit or deny those allegations, and therefore leaves Plaintiff to its proof.  The allegation that the referenced activities constitute "expressive association" is a legal statement to which no answer is necessary, and Defendant leaves Plaintiff to its proof.

195.    One of the reasons that Care Net associates with women is to express messages consistent with its religious beliefs about God's sovereign creation of life and God's ability to offer hope, peace, and love in all circumstances.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

196.    Care Net uses real-life stories of care (anonymously or when permission has been given) that it facilitated, to promote its religious view of God's design of babies in the womb, of human sexuality, and of motherhood.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or deny the allegations in this paragraph, and therefore leaves Plaintiff to its proof.

197.    Care Net uses these real-life stories in various ways, such as in its newsletter, in speaking events, and on social media to encourage others to adopt

their religious ideals regarding God's design.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or
> deny the allegations in this paragraph, and therefore leaves Plaintiff to its
> proof.

198.    When Care Net assists a woman with considering the baby in her
womb and becoming equipped to welcome her baby into the world, it associates
with that individual, who themselves become an ongoing, living example that
communicates to friends, co-workers, and others regarding Care Net's views about
God's design.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or
> deny the allegations in this paragraph, and therefore leaves Plaintiff to its
> proof.

199.    It is common for people to learn about the services that Care Net
provides from women who have used its services.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or
> deny the allegations in this paragraph, and therefore leaves Plaintiff to its
> proof.

200.    When people learn that Care Net assisted a woman facing an
unplanned pregnancy, people believe that the services provided were consistent
with Care Net's religious beliefs.

> **ANSWER**  Defendant lacks sufficient information at this time to admit or
> deny the allegations in this paragraph, and therefore leaves Plaintiff to its

proof.

201.     By compelling Care Net to insert the "curative" statements into its
expressive association with the women it serves, Connecticut forces Care Net to
expressively associate in a way that communicates messages to women under its
care and to the community that are contrary to Care Net's desired messages,
including messages that are controversial, which contradicts Care Net's religious
beliefs about truthfulness.

>    **ANSWER**  Defendant denies that the Act in any manner infringes on
>    Plaintiff's ability to engage in any constitutionally protected conduct, and
>    denies that the Act unconstitutionally forces Plaintiff to engage in speech or
>    conduct.  As to the remaining allegations in this paragraph, Defendant
>    lacks sufficient information at this time to admit or deny them, and
>    therefore leaves Plaintiff to its proof.

202.     The Act harms Care Net's ability to promote its beliefs by inhibiting it
from associating with others that help promote its religious messages, because
those individuals would be averse to speaking the confusing Compelled Speech or
chilled by the vague Advertising Regulation.

>    **ANSWER**  Denied.

203.     Because the Act infringes on Care Net's expressive association rights,
it must further a compelling interest in a narrowly tailored way.

>    **ANSWER**  This paragraph is a legal statement to which no answer is
>    necessary, and Defendant leaves Plaintiff to its proof.  To the extent a

response is deemed necessary, Defendant denies that the Act infringes on Plaintiff's expressive association rights or is subject to any heightened standard of scrutiny.

204. As applied to Care Net, the Act does not further any legitimate, rational, substantial, or compelling interest by preventing Care Net from expressively associating with and thereby conveying messages to the women under its care and the community consistent with Care Net's religious beliefs.

**ANSWER** Denied.

205. Connecticut has alternative, less restrictive means to achieve any legitimate interest it may possess other than forcing Care Net to abandon its freedom of expressive association.

**ANSWER** Denied.

206. Accordingly, facially and as applied to Care Net, the Act violates the right to expressive association protected by the First Amendment.

**ANSWER** Denied.

**DEFENSES**

**Defense One:  Failure To State a Claim Upon Which Relief May Be Granted (All Claims)**

1.      Plaintiff's Complaint fails to allege sufficient facts upon which relief may be granted as to any of their claims, namely, that the Act is unconstitutional on its face or as applied to Plaintiff under the First Amendment free speech clause; the First Amendment free exercise clause; the Fourteenth Amendment equal protection clause; the Fourteenth Amendment procedural due process clause; or the First Amendment freedom of association clause.

2.      Plaintiff's Complaint fails to allege that the Act infringes on Plaintiff's ability to engage in any constitutionally protected conduct.

3.      Alternatively, even if Plaintiff had alleged that the Act infringes on constitutionally protected conduct, the facts alleged in the Complaint establish as a matter of law that the Act furthers a compelling governmental interest and is narrowly tailored.

**Defense Two:  Standing (All Claims)**

1.      Plaintiff has failed to allege sufficient facts to establish their Article III standing as to any of their claims because it has not alleged that the Defendant has enforced or threatened to enforce the Act against it.

2.      Accordingly, Plaintiff has failed to allege a concrete injury in fact, that any such injury is causally related to the Act, or that the injury would be redressed by a ruling in Plaintiff's favor.

3.      Plaintiff's allegations in paragraphs 120 and 121 that it is refraining from making certain statements on its website because it believes those statements

may cause Defendant to bring an enforcement action under the Act are insufficient as a matter of law to establish an objective, non-speculative injury in fact to satisfy standing or ripeness requirements, especially in light of the fact that the Act entitles Plaintiff to notice of the alleged violation and ten days to cure it before an enforcement action is brought.

**Defense Three:  Ripeness (All Claims)**

1.      Plaintiff's Complaint fails to allege facts sufficient to support their claims against Defendant on the grounds that Plaintiff cannot demonstrate a real and imminent harm to its constitutional rights. In the absence of any allegations that Defendant has enforced or threatened to enforce the Act against it, Plaintiff's allegations in paragraphs 120 and 121 that it is refraining from making certain statements on its website because it believes those statements may cause Defendant to bring an enforcement action under the Act are insufficient as a matter of law to establish an objective, non-speculative injury in fact to satisfy the ripeness requirements, especially in light of the fact that the Act entitles Plaintiff to notice of the alleged violation and ten days to cure it before an enforcement action is brought.

**Defense Four: Pullman Abstention (All Claims)**

1.      To the extent any of Plaintiff's constitutional claims require the Court to interpret the Act, and the meaning of the Act is not clear on its face, the Court should abstain from adjudicating those claims pursuant to *R.R. Com. of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

Respectfully submitted this 7th day of December, 2021.

DEFENDANT,

WILLIAM TONG
ATTORNEY GENERAL

BY:   /s/ Alayna M. Stone
       Alayna M. Stone (ct29683)
       Alma Rose Nunley (ct30610)
       Timothy Holzman (ct30420)
       Assistant Attorneys General
       165 Capitol Avenue
       Hartford, CT  06106
       Tel: (860) 808-5020
       Fax: (860) 808-5347
       alayna.stone@ct.gov
       alma.nunley@ct.gov
       timothy.holzman@ct.gov

**CERTIFICATION**

I hereby certify that on December 7, 2021, a copy of the foregoing Defendant Attorney General William Tong's Answer And Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Alayna M. Stone
Alayna M. Stone